**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **MARION COMMUNITY BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO.: 2:25-cv-160-TFM-N** |
| | ) | |
| **ROBERT ABRAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Summary Judgment and amended brief in support (Doc. 12, filed 7/10/2025; Doc. 18, filed 7/30/2025).  Defendant filed a response, and Plaintiff filed a reply.  *See* Docs. 21, 22.  On March 31, 2026, the Court entered a summary order finding that the motion for summary judgment (Doc. 12) was due to be granted.  *See* Doc. 26.  In that order, the Court indicated a full written opinion would follow.  This is that opinion.

## I.    PARTIES AND JURISDICTION

Marion Community Bank ("Plaintiff") is an Alabama corporation with its principal place of business in Marion, Alabama.  Thus, Plaintiff is a citizen of Alabama.  Defendant Robert Abrams ("Defendant") is a citizen of New York.

The amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, this Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest jurisdiction or venue and the Court finds sufficient support exists for both.

## II.    BACKGROUND

### A.    Factual Background[1]

On or around November 22, 2022, Defendant executed a promissory note for a loan in the amount of $3,817,707.20, plus interest at the rate of 7.0% per annum. Doc. 18 at 2. Per the note, Defendant was required to make quarterly payments of $58,788.40. *Id.* The note is due in full on November 22, 2027. *Id.* Defendant failed to make timely payments, and Plaintiff thus accelerated the amount due under the note. *Id.* Defendant admits that he failed to make payment when it became due and that the balance has been accelerated. Doc. 7 ¶ 12. Defendant still has not paid the accelerated balance plus interest due.

### B.    Procedural History

On April 16, 2025, Plaintiff filed its Complaint against Defendant asserting one count of breach of promissory note. *See* Doc. 1. Plaintiff seeks judgment against Defendant in the amount of $3,946,126.20 plus pre-judgment interest, plus attorney's fees. *Id* at 3. Defendant answered on May 15, 2025, primarily with general denials, though he admits that the note has been accelerated that that he failed to make a scheduled payment when due under the terms of the note. Doc. 7.

On July 10, 2025, Plaintiff filed its motion for summary judgment, asserting that there is

---

[1] At the summary judgment stage, the facts are "what a reasonable jury could find from the evidence viewed in the light most favorable to the non-moving party." *Cantu v. City of Dothan*, 974 F.3d 1217, 1222 (11th Cir. 2020) (quoting *Scott v. United States*, 825 F.3d 1275, 1278 (11th Cir. 2016)). "[W]here there are varying accounts of what happened, the proper standard requires us to adopt the account most favorable to the non-movant." *Id.* (quoting *Smith v. LePage*, 834 F.3d 1285, 1296 (11th Cir. 2016)). Therefore, the recitation of facts here are those construed in favor of the Plaintiffs. "The 'facts' at the summary judgment stage are not necessarily the true, historical facts; they may not be what a jury at trial would, or will, determine to be the facts." *Id.* However, it is important to note that the events and timeframe preceding, during, and after the slip and fall were captured on video which is included in the record. Courts should "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Richmond v. Badia*, 47 F.4th 1172, 1179 (11th Cir. 2022) (holding that "we accept video evidence over the nonmoving party's account when the former obviously contradicts the latter").

no genuine dispute of material fact given that Defendant admits he did not make payments per the terms of the note and that the balance has been accelerated.  *See* Docs. 12, 13.  Defendant filed a document purporting to be a "response" in opposition, in which he seemingly only argues that he disputes the amount of Plaintiff's interest claim.  Doc. 21.  Defendant's response in opposition is less a page long and does not include citation to any law or include any analysis or argument putting his assertion into context.  Defendant attached an affidavit from an accountant to his response, which claims the appropriate interest computation is $42,303.37.  Doc. 21-1.  Plaintiff filed a reply, which included an explanation of the discrepancies between the parties for the interest calculation along with an affidavit affirming as such.  Docs. 22, 22-1.

On March 31, 2026, the Court entered a summary order granting summary judgment in favor of Plaintiff, with written opinion to follow.  This is that opinion.

### III.    STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "[T]he substantive law will identify which facts are material."  *Id*. at 248, 106 S. Ct. at 2510.  At the summary judgment stage, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial."  *Id*. at 249, 106 S. Ct. at 2511.  The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor."  *Tipton v. Bergrohr GMBH–Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted).  An issue is genuine if the evidence is such that a reasonable

jury could return a verdict for the non-moving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993)). For factual issues to be considered genuine, they must have a real basis in the record. *Id.*

The party asking for summary judgment bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal quotations omitted) (citing *Celotex*, 477 U.S. at 324); *accord Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

475 U.S. 574, 586-87 (1986). "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1232 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248). The court must view facts and draw all reasonable inferences in favor of the non-moving party. *Id.* at 1231 (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)). However, to avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likely insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50 (emphasis in original) (citations omitted). In short, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing that is sufficient to establish the existence of an element that is essential to that party's case. *Celotex*, 477 U.S. at 322.

Finally, Fed. R. Civ. P. 56(e) also provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

### IV.   DISCUSSION AND ANALYSIS

Defendant does not dispute anything in Plaintiff's motion for summary judgment other than the interest calculation.  Thus, the Court finds that Defendant admits the balance of the loan has been accelerated and is due, plus interest, to Plaintiff.  Defendant does, however, seem to dispute the amount of interest owed on the loan.  Yet the Court finds that under Rule 56(e), Defendant fails to properly support that assertion.

Defendant attached the affidavit of Donald G. Chastain, a certified public accountant, to his response, detailing what he believes to be the appropriate interest calculation.  He states that the interest computation is $42,303.37 less than Plaintiff's calculation.  Doc. 21-1 at 1.  He notes that his calculation is computed for the number of days that the note was outstanding through June 27, 2025.  *Id.* at 2.  He further states that he does not know where Plaintiff's claim of accrued interest as of November 21, 2022 for $40,085.92 comes from.  *Id.*  These two amounts, added together, equal the discrepancy between Plaintiff's interest calculation and Defendant's interest calculation.  In reply, Plaintiff explained that its calculated interest amount was through June 30, 2025, not June 27, 2025.  Doc. 22-1 at 3.  Plaintiff also explained that Mr. Chastain's calculation omitted the "Interest Due fee" of $40,085.92.  Specifically, the note contains the following provision:

> As additional consideration, I agree to pay, or have paid these additional fees and charges.
>
> A.      Nonrefunable Fees and Charges.  The following fees are earned when collected and will not be refunded if I prepay this Note before the scheduled maturity date.
>
> [. . .]
>
> Interest Due. A(n) <u>Interest Due fee of $40,085.92</u> payable from separate funds on or before today's date.

Doc. 22 at 3-4.  Plaintiff states that the interest due fee has not been paid by Defendant, thus accounting for the additional $40,085.92.

It is clear from the filings before the Court that the affidavit provided by Defendant did not provide a complete picture.  Mr. Chastain explains in his affidavit that he was asked to "review and analyze a spreadsheet" provided by Plaintiff and determine the interest calculation based off of said spreadsheet.  As Plaintiff explained, the spreadsheet only included the calculation through June 27, 2025, rather than June 30, 2025, and the spreadsheet did not include the contractually provided interest due fee.  Plaintiff clearly explained where its calculations came from, and construing the affidavits together, there is no genuine dispute of material fact that the calculation made by Plaintiff is the accurate calculation.  Pursuant to Rule 56(e), the Court finds that Defendant's assertion is unsupported and that the Court is not required to do Defendant's job of putting it into context or making legal argument.  Regardless, even considering the affidavit, as noted above, the Court finds that the Plaintiff establishes that there are no material facts in dispute and that summary judgment is appropriate.

**V.     CONCLUSION**

Based on the foregoing discussion and analysis, and as stated in the summary order (Doc. 26) Plaintiff's motion for summary judgment is due to be **GRANTED**.

It is hereby **ORDERED, ADJUDGED, and DECREED** that the Court finds in favor of the Plaintiff, Marion Community Bank, and against the Defendant, Robert Abrams.  Plaintiff is **DIRECTED** to provide a proposed Final Judgment to the Court no later than **April 13, 2026**.

**DONE** and **ORDERED** this the 6th day of April 2026.

s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE
